UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK BRETT,<br><br>              Plaintiff,<br><br>      v.<br><br>U.S. MARSHAL HEYS,<br>et al.,<br><br>              Defendants. | CIVIL ACTION NO. 1:19-CV-01182<br><br>(JONES, C.J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Presently before the Court is the Amended Complaint seeking damages filed by *pro se* Plaintiff Frank Brett (hereinafter referred to as "Brett") on June 12, 2020. (Doc. 10). In his Amended Complaint, Brett seeks damages against dozens of Defendants. (Doc. 10).

The Court has reviewed the Amended Complaint in accordance with 28 U.S.C. § 1915(e). For the reasons provided herein, the Court finds that the Amended Complaint fails to state a claim and shall recommend dismissal without prejudice.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Brett, proceeding *pro se*, initiated the instant action by filing a complaint in this matter on July 10, 2019.[1] (Doc. 2). The Complaint contained numerous stories and anecdotes, some dating back to World War II, and appeared to seek damages from United States Marshals and Police Officers for wrongful death, obstruction of justice, and rape. (Doc. 2). The Court dismissed the Complaint for violating Rule 8 of the Federal Rules of Civil Procedure, as "any

---

[1] Brett also filed a motion for leave to proceed *in forma pauperis* (Doc. 3) and a motion to file the case under seal (Doc. 1), which the Court granted and denied, respectively. (Doc. 9).

true claim [was] disguised by the confusion and ambiguity." (Doc. 9, at 5) (citing *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011). Still, in an abundance of caution, the Court granted this *pro se* plaintiff leave to amend. (Doc. 9, at 6).

Brett has filed his Amended Complaint and the matter is before the Court pursuant to its power to review complaints that have been filed *in forma pauperis*. 28 U.S.C. § 1915(e). (Doc. 10).

## II. DISCUSSION

### A. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an action brought *in forma pauperis* if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Under this statute, an *in forma pauperis* action may be dismissed *sua sponte* for failure to state a claim "at any time," before or after service of process. *See* 28 U.S.C. § 1915(e)(2). In performing this screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips v. [County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading

2

> standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In order to state a valid cause of action a plaintiff must provide some factual ground for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

When it comes to the factual grounds, however, a court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which defines what a complaint should contain:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Indeed, Fed. R. Civ. P. 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. THE AMENDED COMPLAINT DISGUISES ANY TRUE SUBSTANCE IN CONFUSED AND AMBIGUOUS INFORMATION.

Brett's Amended Complaint again fails to comply with Rule 8 of the Federal Rules of Civil Procedure. As discussed *supra*, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a complaint is "illegible or incomprehensible," *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007), or when it is "not only of an unwieldy length, but it is also largely unintelligible," *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is appropriate. *See, e.g., Rhett v. New Jersey State Superior Court*, 260 F. App'x 513 (3d Cir. 2008); *Stephanatos*, 236 F. App'x at 787; *Scibelli*, 219 F. App'x at 221; *Bennett-Nelson v. La. Bd. Of Regents*, 431 F.3d 448, 450 n. 1 (5th Cir. 2005). Further, dismissal is appropriate under Rule 8 in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tillio*, 441 F. App'x at 110 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

Here, Brett's Amended Complaint continues to effectively disguise any potential claim(s) of action. (Doc. 10). The 107-page document contains stories and allegations that are impossible to decipher. (Doc. 10). To identify any potential claims asserted by Brett, the Court must parse through numerous pages of extraneous information. (Doc. 10). The Amended Complaint is confused and ambiguous due to its many subjects and tangents. (Doc. 10). Any true claim is disguised by the confusion and ambiguity. Therefore, dismissal is again appropriate under Rule 8. *See Tillio*, 441 F. App'x at 110.

C. LEAVE TO AMEND

Keeping in mind that a document filed *pro se* is "to be liberally construed" and further, that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment unless an amendment would be inequitable or futile. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). At this juncture, granting Brett leave to amend would be futile. He has failed to follow the Court's order that his Amended Complaint consist of concise and direct statements, with allegations connected by a common question of law or facts. Brett's Amended Complaint also includes an incredible amount of extraneous information in direct contravention of the Court's prior Order. (Doc. 9, at 6; Doc. 10). Brett's repeated failure to follow the Court's direction and abide by the Rules of Civil Procedure results in a determination that further leave to amend would be futile.

## III. RECOMMENDATION

To give defendants a fair opportunity to respond, they must have "fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93-94. Brett's complaint does not sufficiently identify his claim(s). (Doc. 10). Additionally, any true substance must not be disguised by "confused, ambiguous, vague, or otherwise unintelligible" language. *Tillio,* 441 F. App'x at 110. Any potentially true substance in Brett's complaint is disguised by such language. (Doc. 10). Brett's failure to articulate facts sufficient to give the defendants fair notice of the grounds upon which his claims rest forces the Court to dismiss. *See Erickson*, 551 U.S. at 93-94.

Based on the foregoing, the Court finds that Plaintiff Frank Brett's Amended Complaint, (Doc. 10), fails to state a claim upon which relief can be granted under 28 U.S.C. §

1915(e)(2)(B)(ii). It is respectfully recommended that Brett's Amended Complaint be **DISMISSED WITHOUT PREJUDICE.**[2]

Dated: August 17, 2020

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

---

[2] It is further recommended that Brett's Motion to Seal, Motion to Allow Tape of Britt Lewis into the Jeff Epstein Case, and Motion regarding COVID 19 Courthouse Protocols be **STRUCK AS MOOT**. (Doc. 12; Doc. 13; Doc. 14).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK BRETT,<br>   Plaintiff,<br><br> v.<br><br>U.S. MARSHAL HEYS,<br>et al.,<br>   Defendants. | CIVIL ACTION NO. 1:19-CV-01182<br><br>(JONES, C.J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 17, 2020**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: August 17, 2020              *s/ Karoline Mehalchick*
                                           **KAROLINE MEHALCHICK**
                                           **United States Magistrate Judge**